UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORIO MORA ANTUNEZ,  )
                                                    )   CASE NO.   C11-1270-JCC
      Petitioner,                )                  (CR05-327-JCC)
                                                    )
     v.                                )
                                                    )   REPORT AND RECOMMENDATION
UNITED STATES OF AMERICA,      )
                                                    )
      Respondent.               )
_____ )

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a federal prisoner who is currently confined at the Giles W. Dalby Correctional Facility in Post, Texas. He has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal court sentence. The government has filed an answer to petitioner's § 2255 motion in which it argues that the motion is not timely.[1] This Court, having

---

[1] The government filed its answer to petitioner's § 2255 motion on August 25, 2011, and properly noted the answer on the Court's calendar for consideration on September 16, 2011. (Dkt. No. 8.) Any response to the government's answer was therefore due not later than September 12, 2011. (*See* Dkt. No. 7 at 2.) Petitioner filed a response in opposition to respondent's answer on November 4, 2011. (Dkt. No. 9.) Because petitioner's response was received well after the filing deadline, the response is STRICKEN.

REPORT AND RECOMMENDATION
PAGE -1

reviewed petitioner's § 2255 motion, the government's response thereto, and the balance of the record, concludes that petitioner's § 2255 motion is untimely and should therefore be dismissed with prejudice.

## DISCUSSION

On October 20, 2005, petitioner entered a guilty plea to one count of possession of methamphetamine with intent to distribute. (CR05-327-JCC, Dkt. Nos. 18 and 20.) On July 21, 2006, petitioner was sentenced to a term of 120 months imprisonment. (*Id*., Dkt. Nos. 30 and 31.) The judgment was entered on the same date. (*Id*., Dkt. No. 31.) Over four years after entry of the judgment, on March 23, 2011, petitioner filed a notice of appeal. (*Id.* at Dkt. No. 33.) The government moved to dismiss the appeal as untimely and that motion was granted by the Ninth Circuit Court of Appeals on June 27, 2011. (*See id*., Dkt. No. 37.) On August 2, 2011, this Court received the instant § 2255 motion for filing. (Dkt. No. 1.) A review of the motion reveals that it was signed by petitioner, and mailed, on July 27, 2011. (*See id*. at 12.) The government argues that petitioner's § 2255 motion is untimely because it was filed more than one year after his conviction became final. (Dkt. No. 8.)

Motions filed pursuant to 28 U.S.C. § 2255 are governed by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The one year limitations period starts to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Where a defendant does not file a direct appeal, his conviction becomes final for purposes of § 2255 upon the expiration of the time for filing such an appeal. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).

At the time petitioner was sentenced in 2006, Rule 4(b)(1)(A) of the Federal Rules of

Appellate Procedure provided that a notice of appeal in a criminal case must be filed within 10 days after entry of the judgment. Thus, petitioner's notice of appeal was due not later than August 4, 2006. Because petitioner did not file a direct appeal prior to the expiration of this deadline, his judgment became final on August 4, 2006. The Ninth Circuit's subsequent dismissal of petitioner's notice of appeal as untimely in June 2011 did not restart the statute of limitations. *See United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011).

Because petitioner's judgment became final on August 4, 2006, petitioner was required to file his § 2255 motion not later than August 4, 2007. Petitioner did not sign his § 2255 motion until July 27, 2011, almost four years after the expiration of the statute of limitations. Petitioner's § 2255 motion is therefore untimely.

## Certificate of Appealability

A petitioner seeking post-conviction relief under § 2255 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this action.

## CONCLUSION

As the record makes clear that petitioner filed his § 2255 motion outside the limitations

period, this Court recommends that petitioner's motion and this action be dismissed with prejudice. This Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

DATED this 30th day of November, 2011.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge